## STREETS v. COLLINS, et al.

Circuit Court, Leon County.

January 10, 1956.

Damon G. Yerkes, Jacksonville, for plaintiff.

Ben C. Willis, Charles S. Ausley and D. Fred McMullen, all of Tallahassee, and William A. McRae, Jr., Bartow, for the Governor.

Richard W. Ervin, Attorney General, and Howard S. Bailey, Assistant Attorney General, both of Tallahassee, for the Secretary of State and the Attorney General.

HUGH M. TAYLOR, Circuit Judge.

Since the entry of a decree in this case on December 6, 1955 amended pleadings have been filed which present a factual situation calling for an answer to the following question—*Is a person elected governor of Florida to fill a vacancy in the office for the balance of an unexpired term eligible for re-election to said office the next succeeding term?*

The following sections in article IV of the Florida constitution are particularly pertinent—

Section 3. *Eligibility of governor.*—No person shall be eligible to the office of Governor who is not a qualified elector, and who has not been ten years a citizen of the United States, and five years a citizen and resident of the State of Florida, next preceding the time of his election; Provided, that these limitations of time shall not apply to the President of the Senate or Speaker of the House of Representatives when, under

this Constitution, the powers and duties of Governor shall devolve upon them.

Section 2. *Election and term of governor.*—The Governor shall be elected by the qualified electors of the State at the time and places of voting for members of the Legislature, and shall hold his office for four years from the time of his installation, but shall not be eligible for re-election to said office the next succeeding term; Provided, That the first election for Governor under this Constitution shall be had at the time and places of voting for members of the Legislature and State officers, A.D. 1888, and the term of office of the Governor then elected shall begin on the first Tuesday after the first Monday in January after his election.

Section 19. *Impeachment, death, resignation, etc., of governor; who to act.*—In case of the impeachment of the Governor, his removal from office, death, resignation or inability to discharge his official duties, the powers and duties of Governor shall devolve upon the President of the Senate for the residue of the term, or until the disability shall cease; and in case of the impeachment, removal from office, death, resignation or inability of the President of the Senate, the powers and duties of the office shall devolve upon the Speaker of the House of Representatives. But should there be a general election for members of the Legislature during such vacancy, an election for Governor to fill the same shall be had at the same time.

It is argued on behalf of the plaintiff that the language "shall not be eligible for re-election to said office the next succeeding term" as used in section 2, must be read in relation to the subject of the sentence which is "The Governor"; that when this is done the meaning of the quoted language is the same as though these words constituted a separate sentence reading—"The Governor shall not be eligible for re-election to said office the next succeeding term." The conclusion is drawn that the only proper construction of this sentence is that the ineligibility to re-election the next succeeding term applies to "The Governor" and, therefore, to any person occupying the office of governor no matter what might be the tenure of his incumbency; that the purpose of including this language in the constitution was to prevent any occupant of the office being, at the same time, a candidate for election to the office for the next succeeding term.

On the other hand, it is argued on behalf of the defendants that the term of office of the governor of Florida is four years; that no other term of office for any governor is provided for; that no matter how many persons may occupy the office during any four year term, the term itself is unchanged; that a person elected governor under the requirements of section 19 serves only a part of a term; that the language "shall not be eligible for re-election

to said office the next succeeding term" as used in section 2, is so closely associated with the preceding words, "shall hold his office for four years," that the proper construction of this section requires the conclusion that the correct meaning of the sentence as a whole is that no person who has served as governor of Florida for four years, a full term, shall be eligible for re-election for the next succeeding term. In other words, it is contended that the words "shall not be eligible for re-election to said office the next succeeding term" apply only to a person who has held "his office for four years."

It must be presumed that those who drafted the constitution had a sound knowledge of the English language; that they had a clear conception of the principles which they intended to express in the constitution; that they intended those principles to be consistent; that they gave careful consideration to the practical application to foreseeable situations of the various provisions incorporated in the constitution; and that they arranged the various provisions of the constitution in the order which they felt would most clearly express their intentions.

With these presumptions clearly in mind, a study of the quoted sections will lead to the correct conclusion.

It will be noted that section 3 is entitled, *"Eligibility of governor,"* and fixes certain legal qualifications which must be met by any person before he may occupy that office. This section does not purport to regulate the term of office, or time of election of any governor.

The office of governor may be filled only by election by the people. Two separate sections of the constitution provide for the election of persons to this office. These sections provide for the election of governors under different factual situations.

Section 2 provides for the election of persons to the office of governor and to the term of office of each person elected *pursuant to that section.*

Section 19 provides for the election to the office of governor and the period of time to be served by each person elected *pursuant to that section.*

Sections 2 and 19 are complementary to each other and are designed to provide the means by which the people select their chief magistrate and maintain, as nearly as may be by the process of regular elections, a continuity of occupancy of the office. Section

2 relates to the quadrennial election of a governor who, under ordinary conditions, will serve for four years. Section 19 relates to the filling of the office when an extraordinary vacancy occurs.

But the drafters of the constitution felt that there should be some limitation upon continuous occupancy of office by the same person. Had they intended to make all persons occupying the office during any part of one term ineligible for re-election to said office the next ensuing term, it would have been the simple, natural, and logical thing to have put a clause to that effect in section 3 which deals exclusively with eligibility to the office and which applies under *all* conditions. Instead of doing this, they put the restriction under consideration in, but only in, the section dealing with the election of governors who will serve for four years. And in wording this section, they did not say that no incumbent would be eligible to election to the office for a four year term. They said, "The Governor [to be elected in 1888 and each four years thereafter] * * * shall hold his office for four years from the time of his installation but shall not be eligible for re-election the next succeeding term." The ineligibility attaches to *the governor elected pursuant to Section 2*. It does not affect governors elected pursuant to section 19.

The only reason for placing this restriction upon re-election of a governor elected pursuant to section 2 and omitting it from section 3, and section 19, is to limit its application to those governors, who, pursuant to election under section 2, hold their offices for four years.

It follows, from a consideration of all pertinent parts of the constitution, that the question stated must be answered in the affirmative.

One further argument advanced by the plaintiff demands consideration. It is urged that the language "shall not be eligible for re-election to said office the next succeeding term" was placed in the constitution for the purpose of preventing an incumbent using the powers of the office to insure his re-election, and that this reason applies as much to one elected to fill an unexpired term as to one elected for a full term. If the premise is established, the conclusion might follow. But the premise is not established. It is not declared in the constitution, or confirmed by any contemporaneous writings that are called to the attention of the court. To adopt the premise is to convict the framers of the constitution of gross inconsistency. A president of the senate or speaker of the house may exercise all the powers of governor during a vacancy and still

be a candidate for election to the office. This is conceded. What logic would justify forbidding an elected governor, who has served for only two years, from seeking re-election to a full term on the ground that he might prostitute the office to further his personal political ambitions, and permitting a president of the senate or speaker of the house, who might perform all the duties and exercise all the powers and control all the patronage incident to the office of governor for 26 months, to seek election to the office for a full term?

For the reasons stated, it is considered, ordered, adjudged, decreed and declared that Honorable LeRoy Collins is not ineligible to be elected governor of Florida for the term beginning on the first Tuesday after the first Monday in January, 1957, by reason of his election in 1954 to fill the balance of the term of the office of governor to which Honorable Dan McCarty was elected in 1952, and which began on the first Tuesday after the first Monday in January, 1953.